UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED 2018 DEC -6 U.S. DISTRICT COURT NEW HAVEN, CT

Grand Jury N-18-3

UNITED STATES OF AMERICA

v.

ANA NUNEZ, aka ANA PAGOAGA

CRIMINAL NO. 3:18CR318-MPS

VIOLATIONS:
26 U.S.C. § 7206(2)
(False Return)

INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

1. Defendant ANA NUNEZ also known as Ana Pagoaga ("NUNEZ") was a resident of Naugatuck, Connecticut, and owned and operated a tax preparation service called Nunez Multi Services, LLC.

2. From at least tax year 2011 and continuing through at least tax year 2016, NUNEZ materially falsified information on tax returns she prepared for clients of Nunez Multi Services, and caused those returns to be filed with the Internal Revenue Service (IRS). For example, NUNEZ routinely inflated income or created fictitious income to report on her clients' Form 1040 Schedule C (a form used to report income or loss from a business operated as a sole proprietor) in order to claim the benefit of certain tax credits, such as the Earned Income Tax Credit. NUNEZ also falsified on her clients' returns certain expenses and credits such as the Education Credit and Child and Dependent Care Expenses.

3. NUNEZ also filed tax returns with the IRS that were materially different from the returns she provided to her clients via hard copy. Many of NUNEZ's clients paid NUNEZ tax preparation fees by allowing the IRS to allocate a portion of their refunds to be directly deposited

into NUNEZ's bank account. For clients opting to pay in that manner, NUNEZ prepared a Form 8888 (Allocation of Refund) directing the IRS to split the client's refund into two bank accounts, one for the client and a second one for NUNEZ, with NUNEZ's fee going directly into NUNEZ's account. NUNEZ prepared a hard copy of the client's return showing a modest amount (consistent with what NUNEZ was supposed to receive as a fee) to be deposited into NUNEZ's bank account and provided that hard copy to the client. NUNEZ then falsified certain expenses or credits on the electronically filed return, causing a false increase in the client's refund amount beyond what was reflected on the hard copy. NUNEZ directed the excess refund (based on the falsified expenses and credits) to be deposited into her account, while keeping the amount of refund going to the client the same as on the hard copy return.

COUNT ONE
(False Return (2011) – Taxpayer L.R.)

4. Paragraphs 1 through 3 are incorporated herein.

5. On or about February 2, 2012, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2011 tax return for taxpayer L.R. of Middletown, Connecticut. The return was false and fraudulent as to a material matter in that it claimed L.R. had $2,000 in education expenses which L.R. did not incur and did not tell NUNEZ that he had incurred.

6. NUNEZ prepared and filed a Form 8888 as part of L.R.'s 2011 tax return in which NUNEZ directed $1,813 of L.R.'s refund to be deposited into NUNEZ's account (Account #3965) at Bank of America. L.R. did not authorize NUNEZ to take $1,813 of his refund and did not agree to pay NUNEZ that much as a fee.

7. The 2011 tax return NUNEZ filed on L.R.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified

education expenses which resulted in a higher refund and money going into NUNEZ's account that L.R. did not authorize.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT TWO
(False Return (2012) – Taxpayer L.R.)

8. Paragraphs 1 through 3 are incorporated herein.

9. On or about February 5, 2013, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2012 tax return for taxpayer L.R. of Middletown, Connecticut. The return was false and fraudulent as to a material matter in that it claimed that NUNEZ's mother, A.R. of Naugatuck, Connecticut, provided L.R. with child care during calendar year 2012 in the amount of $2,000. In fact, L.R. did not know A.R., did not pay A.R. to provide child care in 2012, did not incur $2,000 in child care expenses in 2012, and did not tell any of this information to NUNEZ.

10. NUNEZ prepared and filed a Form 8888 as part of L.R.'s 2012 tax return in which NUNEZ directed $750 of L.R.'s refund to be deposited into NUNEZ's account (Account #3965) at Bank of America. L.R. did not authorize NUNEZ to take $750 of his refund and did not agree to pay NUNEZ that much as a fee.

11. The 2012 tax return NUNEZ filed on L.R.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified child care expenses which resulted in a higher refund and money going into NUNEZ's account that L.R. did not authorize.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT THREE
(False Return (2013) – Taxpayer L.R.)

12. Paragraphs 1 through 3 are incorporated herein.

13. On or about February 1, 2014, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2013 tax return that she prepared for taxpayer L.R. of Middletown, Connecticut. The return was false and fraudulent as to a material matter in that it claimed that NUNEZ's mother, A.R. of Naugatuck, Connecticut, provided L.R. with child care during calendar year 2013 in the amount of $3,000. In fact, L.R. did not know A.R., did not pay A.R. to provide child care in 2013, did not incur $3,000 in child care expenses in 2013, and did not tell any of this information to NUNEZ.

14. NUNEZ prepared and filed a Form 8888 as part of L.R.'s 2013 tax return in which NUNEZ directed $608 of L.R.'s refund to be deposited into NUNEZ's account (Account #3965) at Bank of America. L.R. did not authorize NUNEZ to take $608 of his refund and did not agree to pay NUNEZ that much as a fee.

15. The 2013 tax return NUNEZ filed on L.R.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified child care expenses which resulted in a higher refund and money going into NUNEZ's account that L.R. did not authorize.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT FOUR
(False Return (2011) – Taxpayer W.V.)

16. Paragraphs 1 through 3 are incorporated herein.

17. In or around February of 2012, NUNEZ prepared a 2011 tax return for taxpayer W.V. of Waterbury, Connecticut (the "W.V. 2011 Client Return") with a Schedule C falsely

claiming that W.V. earned $6,000 in income in 2011 by providing child care services. In fact, W.V. did not provide child care services during 2011 and never told NUNEZ that she did. NUNEZ provided a copy of this return to W.V. which included a Form 8888 showing W.V. was entitled to a total refund of $7,685, with $7,485 going to an account for W.V., and $200 going to NUNEZ's account (Account #3965) at Bank of America.

18. On or about February 6, 2012, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2011 tax return for taxpayer W.V. of Waterbury, Connecticut (the "W.V. 2011 Filed Return") that differed from the W.V. 2011 Client Return in several material respects. The 2011 W.V. Client Return did not claim any education expenses but the 2011 W.V. Filed Return claimed that W.V. had incurred $2,000 in education expenses which W.V. did not incur and did not tell NUNEZ she had incurred.

19. Both the W.V. 2011 Filed Return and the 2011 W.V. Client Return included a Form 8888 showing $7,485 going into W.V.'s bank account, but the W.V. 2011 Filed Return showed $1,000 going to NUNEZ's account (Account #3965) at Bank of America while the W.V. 2011 Client Return showed only $200 going to NUNEZ's account. W.V. did not authorize NUNEZ to take $1,000 out of W.V.'s refund and did not agree to pay NUNEZ that much as a fee.

20. The 2011 W.V. Filed Return was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified education expenses which resulted in a higher refund and additional money going into NUNEZ's account that W.V. did not authorize.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT FIVE
(False Return (2012) – Taxpayer W.V.)

21. Paragraphs 1 through 3 are incorporated herein.

22. On or about February 6, 2013, NUNEZ prepared a 2012 tax return for taxpayer W.V. of Waterbury, Connecticut (the "W.V. 2012 Client Return") with a Schedule C falsely claiming that W.V. earned $8,000 in income in 2012 by providing child care services. In fact, W.V. did not provide child care services during 2012 and never told NUNEZ that she did. The W.V. 2012 Client Return NUNEZ provided to W.V. did not include a Form 8888 directing W.V.'s refund to be split between two bank accounts.

23. On or about February 6, 2013, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2012 tax return for taxpayer W.V. of Waterbury, Connecticut (the "W.V. 2012 Filed Return") that differed from the W.V. 2012 Client Return in several material respects. For example, the W.V. 2012 Filed Return inflated W.V.'s Schedule C business income to $10,000, reflecting an additional $2,000 over the W.V. 2012 Client Return Schedule C income.

24. The W.V. 2012 Filed Return also added a Form 8888, which provided for W.V. to receive the same amount of refund shown on W.V. 2012 Client Return ($4,966), but added $867 to be directed to NUNEZ's account (Account #3965) at Bank of America. W.V. did not authorize NUNEZ to take $867 out of W.V.'s refund and did not agree to pay NUNEZ that much as a fee.

25. The 2012 W.V. Filed Return was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified Schedule C income which resulted in a higher refund and additional money going into NUNEZ's account that W.V. did not authorize.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT SIX
(False Return (2012) – Taxpayer S.M.)

26. Paragraphs 1 through 3 are incorporated herein.

27. On or about February 23, 2013, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2012 tax return for taxpayer S.M. of Canton, Connecticut. The return was false and fraudulent as to a material matter in that it claimed: (a) that S.M. had driven 12,000 business miles resulting in unreimbursed vehicle expenses of $6,660; and (b) that S.M. had made charitable donations by cash or check in the amount of $3,028. In fact, S.M. did not drive 12,000 business miles, did not incur $6,660 in unreimbursed vehicle expenses, did not make charitable donations by cash or check in the amount of $3,028, and did not tell NUNEZ that he did.

28. The 2012 tax return NUNEZ filed on S.M.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified business miles driven, unreimbursed vehicle expenses, and charitable donations by cash or check.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT SEVEN
(False Return (2013) – Taxpayer S.M.)

29. Paragraphs 1 through 3 are incorporated herein.

30. On or about March 22, 2014, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2013 tax return for taxpayer S.M. of Canton, Connecticut. The return was false and fraudulent as to a material matter in that it claimed: (a) that S.M. had driven 11,233 business miles resulting in unreimbursed vehicle expenses of $6,347; and (b) that

S.M. had made charitable donations by cash or check in the amount of $4,336. In fact, S.M. did not drive 11,233 business miles, did not incur $6,347 in unreimbursed vehicle expenses, did not make charitable donations by cash or check in the amount of $4,336, and did not tell NUNEZ that he did.

31. The 2013 tax return NUNEZ filed on S.M.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified business miles driven, unreimbursed vehicle expenses, and charitable donations by cash or check.

32. NUNEZ prepared and filed a Form 8888 as part of S.M.'s 2013 tax return in which NUNEZ directed $415 of S.M.'s refund to be deposited into her own account (Account #3965) at Bank of America. S.M. did not authorize NUNEZ to take $415 of his refund and did not agree to pay NUNEZ that much as a fee.

33. The 2013 tax return NUNEZ filed on S.M.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified business miles driven, unreimbursed vehicle expenses, and charitable donations by cash or check.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT EIGHT
(False Return (2014) – Taxpayer S.M.)

34. Paragraphs 1 through 3 are incorporated herein.

35. On or about March 28, 2015, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2014 tax return for taxpayer S.M. of Simsbury, Connecticut. The return was false and fraudulent as to a material matter in that it claimed: (a) that S.M. had driven 12,548 business miles resulting in unreimbursed vehicle expenses of

$7,027; and (b) that S.M. had made charitable donations by cash or check in the amount of $4,316. In fact, S.M. did not drive 12,548 business miles, did not incur $7,027 in unreimbursed vehicle expenses, did not make charitable donations by cash or check in the amount of $4,316, and did not tell NUNEZ that he did.

36. The 2014 tax return NUNEZ filed on S.M.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified business miles driven, unreimbursed vehicle expenses, and charitable donations by cash or check.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT NINE
(False Return (2015) – Taxpayer S.M.)

37. Paragraphs 1 through 3 are incorporated herein.

38. On or about January 23, 2016, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2015 tax return for taxpayer S.M. of Simsbury, Connecticut. The return was false and fraudulent as to a material matter in that it claimed: (a) that S.M. had driven 12,458 business miles resulting in unreimbursed vehicle expenses of $7,163; and (b) that S.M. had made charitable donations by cash or check in the amount of $4,431. In fact, S.M. did not drive 12,458 business miles, did not incur $7,163 in unreimbursed vehicle expenses, did not make charitable donations by cash or check in the amount of $4,431, and did not tell NUNEZ that he did.

39. The 2015 tax return NUNEZ filed on S.M.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified business miles driven, unreimbursed vehicle expenses, and charitable donations by cash or check.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT TEN
(False Return (2016) – Taxpayer S.M.)

40. Paragraphs 1 through 3 are incorporated herein.

41. On or about January 21, 2017, in the District of Connecticut, NUNEZ willfully prepared and caused to be filed a false 2016 tax return for taxpayer S.M. of Simsbury, Connecticut. The return was false and fraudulent as to a material matter in that it claimed: (a) that S.M. had driven 12,546 business miles resulting in unreimbursed vehicle expenses of $6,775; and (b) that S.M. had made charitable donations by cash or check in the amount of $5,177. In fact, S.M. did not drive 12,546 business miles, did not incur $6,775 in unreimbursed vehicle expenses, did not make charitable donations by cash or check in the amount of $5,177, and did not tell NUNEZ that he did.

42. The 2016 tax return NUNEZ filed on S.M.'s behalf was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return materially falsified business miles driven, unreimbursed vehicle expenses, and charitable donations by cash or check.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT ELEVEN
(False Return (2011) – Taxpayer A.C.)

43. Paragraphs 1 through 3 are incorporated herein.

44. On or about March 23, 2012, NUNEZ prepared a 2011 tax return for taxpayer A.C. of Waterbury, Connecticut (the "A.C. 2011 Client Return") with a Schedule C falsely claiming that A.C. earned $10,000 in income in 2011 by providing child care services. In fact, A.C. did not provide child care services during 2011 and never told NUNEZ that she did.

NUNEZ provided a copy of this return to A.C. which included a Form 8888 showing A.C. was entitled to a total refund of $5,518, with $5,368 going to A.C.'s account, and $150 going to NUNEZ's account (Account #3965) at Bank of America.

45. On or about March 23, 2012, NUNEZ prepared and caused to be filed a 2011 tax return for taxpayer A.C. of Waterbury, Connecticut (the "A.C. 2011 Filed Return") that differed from the A.C. 2011 Client Return in several material respects. For example, the A.C. 2011 Filed Return inflated A.C.'s Schedule C business income to $12,000, representing an additional $2,000 over the A.C. 2011 Client Return Schedule C income.

46. Both the A.C. 2011 Filed Return and the A.C. 2011 Client Return included a Form 8888 showing $5,368 going into A.C.'s bank account, but the A.C. 2011 Filed Return showed $905 going into NUNEZ'S account (Account #3965) at Bank of America while the A.C. 2011 Client Return showed only $150 going to NUNEZ's account. A.C. did not authorize NUNEZ to take $905 out of A.C.'s refund and did not agree to pay NUNEZ that much as a fee.

47. The A.C. 2011 Filed Return was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return claimed that A.C. earned Schedule C income in the amount of $12,000 by providing child care services which resulted in additional money going into NUNEZ's account that A.C. did not authorize.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT TWELVE
(False Return (2012) – Taxpayer A.C.)

48. Paragraphs 1 through 3 are incorporated herein.

49. On or about February 20, 2013, NUNEZ prepared a 2012 tax return for taxpayer A.C. of Waterbury, Connecticut (the "A.C. 2012 Client Return") which did not claim child care expenses. NUNEZ provided a copy of this return to A.C. which included a Form 8888 showing

A.C. was entitled to a total refund of $8,028, with $7,878 going to A.C.'s bank account, and $150 going to NUNEZ's account (Account #3965) at Bank of America.

50. On or about February 20, 2013, NUNEZ prepared and caused to be filed a 2012 tax return for taxpayer A.C. of Waterbury, Connecticut (the "A.C. 2012 Filed Return") that differed from the A.C. 2012 Client Return in several material respects. For example, the A.C. 2012 Filed Return claimed that A.C. paid $4,000 for child care expenses to New Opportunity in Waterbury, Connecticut. In fact, A.C. did not pay New Opportunity for child care in 2012, did not incur $4,000 in child care expenses in 2012, and did not tell NUNEZ that she did.

51. Both the 2012 A.C. Filed Return and the 2012 A.C. Client Return showed $7,878 going to A.C.'s bank account, but the A.C. 2012 Filed Return showed $698 going to NUNEZ's account (Account #3965) at Bank of America while the A.C. 2012 Client Return showed only $150 going to NUNEZ's account. A.C. did not authorize NUNEZ to take $698 of her refund and did not agree to pay NUNEZ that much as a fee.

52. The 2012 A.C. Filed Return was false and fraudulent as to a material matter, which NUNEZ then and there knew, in that the return claimed that A.C. paid $4,000 for child care expenses to New Opportunity in Waterbury, Connecticut, which resulted in additional money going into NUNEZ's account that A.C. did not authorize.

 
  
All in violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

SUSAN L. WINES
ASSISTANT UNITED STATES ATTORNEY